## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IBRAHIM ABDULAHI,

    Plaintiff,

v.

WAL-MART ASSOCIATES, INC.
WAL-MART STORES, INC., and
WAL-MART STORES EAST, L.P.,

    Defendants.

Civil Action File No.
1:12-CV-04330-SCJ

## PLAINTIFF'S REPLY IN SUPPORT OF HIS RENEWED
## MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

Plaintiff Ibrahim Abdulahi, by and through undersigned counsel,

respectfully submits this reply in support of his Renewed Motion for Sanctions for

Spoliation of Evidence [dkt no. 65].

## INTRODUCTION

All of the arguments (with the exception of the citation to Mark Connor's

declaration) advanced by Walmart in its brief [dkt. no. 66] are fully addressed in

Mr. Abdulahi's motion for sanctions [dkt. no. 49] and his reply in support of the

motion [dkt. no. 51]. Nothing contained in Mark Connor's declaration changes the

fact that the video footage Store Manager Demetrius Jackson testified that he relied upon in forming his decision to terminate Mr. Abdulahi's employment is the **only piece of indisputable evidence** on the critical issue of whether Jackson truly believed the entrance to the Garden Center gate was unlocked overnight on October 22, 2009.  Walmart's obligation to preserve the footage stemmed not only from the numerous allegations of discrimination Mr. Abdulahi had made prior to that night (including two formal EEOC charges), but renewed just days after Mr. Abdulahi's termination when he filed a third EEOC charge against alleging that his discharge was based upon retaliation due to his "opposition to acts made unlawful by Title VII of the Civil Rights Act of 1964, as amended."

The only way to address the significant prejudice that Mr. Abdulahi will suffer at trial because of Walmart's destruction of the video footage is to sanction Walmart and level the playing field.  Specifically, Mr. Abdulahi requests that the Court strike Walmart's defense that it terminated Mr. Abdulahi for legitimate and non-retaliatory reasons.  Mr. Abdulahi further requests that the Court issue an instruction to the jury at trial that Walmart's destruction of the video footage creates a presumption that Walmart's stated reasons for terminating Mr. Abdulahi's employment were pretextual and that retaliation was the but-for cause

of Mr. Abdulahi's termination.  Finally, Mr. Abdulahi requests an award of all costs and fees incurred because of Walmart's destruction of the footage.

1.     **Mr. Abdulahi timely filed his request for sanctions against Walmart for destruction of key evidence in this case.**

There is no dispute that Walmart allowed for the destruction of critical video footage that Demetrius Jackson testified that he relied upon in making his decision to terminate Mr. Abdulahi's employment.  Regardless of when Mr. Abdulahi and his counsel discovered Walmart's destruction of the footage, the filing of the motion for sanctions was an appropriate response to Walmart's motion for summary judgment.  (*See* Plaintiff's Reply in Support of his Motion for Sanctions for Spoliation of Evidence [dkt. no. 51] at 3-4.)  Judge King's order finding that Mr. Abdulahi "shall have leave to refile the motion for sanctions with the trial court" upon this court's denial of Walmart's motion for summary judgment further confirms that the motion for sanctions was timely filed.  (*See* Order [dkt. no. 52] at 7.)

2.     **Walmart should be sanctioned for its continued assertion that it had no obligation to preserve the video footage.**

Walmart's argument—that it had no duty to preserve the video footage (that Demetrius Jackson admitted he relied upon to terminate Mr. Abdulahi's

employment) because Mark Connor told Jackson that he "honestly could not recall locking the doors [to the Garden Center]" during the overnight shift on October 22, 2009, and because Jackson himself testified that he saw the gate unlocked—is outrageous.[1]  Jackson **never testified** that he personally observed that the Garden Center gate was unlocked when it should have been locked on the morning of October 23, 2009.  Jackson only testified that the gate was unlocked when he drove up to the store that morning, but he could not testify to the exact time he arrived that morning or if the gate should have been locked when he arrived.  (*See* Jackson dep. [dkt. no. 36-11] at 61-64.)  And, according to his declaration, Mark Connor never told Jackson that the gate was unlocked—he simply said that he did not recall locking it himself.

Even if Jackson somehow "believed" the gate was unlocked even without having seen footage portraying it as being unlocked (which is an absurd thing to imagine, given that he has testified that the footage is a primary thing that informed his belief), the firmness of his belief does not obviate Walmart's **absolute obligation** to preserve the evidence that Jackson utilized to inform his decision to terminate Mr. Abdulahi's employment.  Jackson even acknowledged this at his

---

[1] Walmart's obligation to preserve the video footage is more fully addressed in Mr. Abdulahi's motion for sanctions (*see* dkt. no. 49 at 8-10) and Mr. Abdulahi's reply in support of his motion for sanctions (*see* dkt. no. 51 at 4-7).

deposition where he testified that he knew that the footage would be relevant to a legal claim by Mr. Abdulahi!  (*See* Jackson dep. [dkt. no. 36-11] at 65-66.)

Walmart's duty to preserve the video footage is based on the general duty to preserve that arises when (during the period before litigation) a party "should have known that the evidence may be relevant to future litigation." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008).  The duty to preserve was also already in existence at the time of the Garden Center gate incident based on the two EEOC charges Mr. Abdulahi had already filed against Walmart at that time, and the duty was renewed based on the third EEOC charge Mr. Abdulahi filed days after being terminated for the gate incident.  *See EEOC v. New Breed Logistics*, 2012 WL 4361449, at *6 (W.D. Tenn. Sept. 25, 2012) (finding that an employer's duty to preserve begins on the date the employer receives notice of an EEOC charge); *see also* 29 C.F.R. § 1602.14 (providing that an employer must preserve personnel records relevant to a formal charge of discrimination until final disposition of the charge or legal action).

In addition, while Judge King deferred ruling on Mr. Abdulahi's motion for sanctions until this Court's final decision on Walmart's motion for summary judgment, she did find it "reasonable to assume" that Walmart would preserve the

video footage that Jackson claims showed that the Garden Center gate was

unlocked overnight:

> If the video footage actually showed the Garden Center doors were unlocked overnight, it seems reasonable to assume that Jackson, the Store Manager, would have taken steps to preserve this evidence. This is especially true given the numerous indications from Plaintiff that he would challenge Walmart's decision to terminate his employment.  As discussed *supra*, prior to the time when Defendant made the decision to terminate Plaintiff's employment, Plaintiff had frequently made allegations of discrimination.  He had complained verbally about discrimination, he had written an Open Door Letter to Walmart's Human Resources Manager alleging discrimination, and he had filed two EEOC charges of discrimination in the months immediately preceding his termination.  Moreover, Plaintiff filed another EEOC charge shortly after his termination, and at that point, the video footage presumably was still available.  Walmart obviously should have been aware that there was a distinct possibility that Plaintiff would challenge his termination.  Given these facts, the court concludes that a reasonable jury could find it implausible that Walmart decisionmakers would make no effort to preserve surveillance video footage supporting the termination decision.

(*See* dkt. no. 53 at 43-44.)  There is simply no question that Walmart had an

obligation to preserve the video footage at issue.

**3.    A showing that Walmart intentionally destroyed the video footage is not required to support Mr. Abdulahi's entitlement to sanctions.**

Walmart asserts that, because there is no evidence that it intentionally

destroyed the video footage, sanctions are not warranted (*see* dkt. no. 66 at 3). This

argument is **wholly unsupported** by Eleventh Circuit case law on when an award

of sanctions for spoliation of evidence is appropriate.  Under the Eleventh Circuit's

decision in *Flury v. Daimler Chrysler Corporation*, 427 F.3d 939 (11th Cir. 2005),

whether a party acted in good or bad faith is **just one** of the five factors that a court

is to consider in determining whether sanctions are warranted for spoliation of

relevant evidence.[2]  *Id.* at 945.  In addition, intentional destruction of evidence is

not necessary to support a finding of bad faith.  In the Eleventh Circuit, something

less than malice, *Flury*, 427 F.3d at 946, but more than mere negligence, *Bashir v.*

*Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997) (*per curium*), will suffice to show bad

faith warranting spoliation sanctions.

   "Reckless" behavior is that which creates "a substantial and unjustifiable

risk of harm to others" and represents a "conscious (and sometimes deliberate)

disregard for or indifference to that risk."  Black's Law Dictionary (9th ed.

2009).  As explained in more detail in Mr. Abdulahi's reply in support of his

motion for sanctions, there is strong evidence that Walmart acted with at least a

reckless disregard of its preservation duties when it allowed for the destruction of

the video footage.  (*See* dkt. no. 51 at 12-13.)  Regardless, a finding of bad faith is

warranted solely by weighing Walmart's culpability for destroying the evidence

---

[2] An analysis of Walmart's conduct under all of the *Flury* factors (including
Walmart's bad faith) is more fully addressed in Mr. Abdulahi's (*see* dkt. no. 49 at
15-17) and Mr. Abdulahi's reply in support of his motion for sanctions (*see* dkt.
no. 51 at 11-14).

against the resulting significant prejudice to Mr. Abdulahi.  (*See id.* at 13-14.)
Analysis of all five of the *Flury* factors together warrants an imposition of
sanctions against Walmart for its destruction of the video footage.

## CONCLUSION

Based upon the foregoing (and as outlined in more detail in Mr. Abdulahi's
motion for sanctions and reply in support thereof), Mr. Abdulahi requests that the
Court award the following relief:

1.  Strike Walmart's defense that it terminated Mr. Abdulahi for
    legitimate, non-retaliatory reasons;

2.  Issue a jury instruction that Walmart's destruction of the video
    footage creates a presumption that Walmart's stated reasons for
    terminating Mr. Abdulahi's employment were pretextual and that
    retaliation was the but-for cause of Mr. Abdulahi's termination; and

3.  Issue an award of all costs and fees (including attorney's fees)
    incurred by Mr. Abdulahi because of Walmart's destruction of the
    video footage, including the attorney's fees expended on this matter
    up through and including the conclusion of trial.

Submitted this 26th day of August, 2014.

/s/ James E. Radford, Jr.
JAMES E. RADFORD, JR.
Georgia Bar No. 108007
CALEB GROSS
Georgia Bar No. 960323

Radford & Keebaugh
545 N. McDonough Street
Suite 212
Decatur, GA 30030
james@decaturlegal.com
caleb@decaturlegal.com
Telephone: (678) 369-3609

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULES</u>

Pursuant to Local Rules 5.1(C) and 7.1(D), I certify that the foregoing

response was prepared in Times New Roman, 14-point font.

Submitted this 26th day of August, 2014.

**JAMES RADFORD, LLC**

*/s/ James E. Radford, Jr.*
James E. Radford, Jr.
Georgia Bar No. 108007

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on August 26, 2014, a copy of **Plaintiff's Reply in Support of his Renewed Motion for Sanctions for Spoliation of Evidence** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ James E. Radford, Jr.
James E. Radford, Jr.
Georgia Bar No. 108007